1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL DEUTSCH,                           No.  1:19-cv-00281-DAD-SAB

12              Plaintiff,

13         v.                                     ORDER DENYING DEFENDANT'S
                                                  MOTION TO DISMISS
14    DOUGLAS W. COOK,
                                                  (Doc. No. 29)
15              Defendant.

16

17

18         This matter is before the court on the motion to dismiss filed by defendant Douglas W.

19    Cook on May 8, 2020.[1]  (Doc. No. 29.)  Pursuant to General Order No. 617 addressing the public

20    health emergency posed by the COVID-19 pandemic, defendant's motion was taken under

21    submission on the papers.  (Doc. No. 30.)  For the reasons explained below, the court will deny

22    defendant's motion to dismiss.

23

24    _____

      [1]  The undersigned apologizes to the parties for the delay in the issuance of this order.  This
25    court's overwhelming caseload has been well publicized and the long-standing lack of judicial
      resources in this district long-ago reached crisis proportion.  That situation, which has continued
26    unabated for over twenty-two months now, has left the undersigned presiding over approximately
      1,300 civil cases and criminal matters involving 732 defendants at last count.  Unfortunately, that
27    situation sometimes results in the court not being able to issue orders in submitted civil matters
      within an acceptable period of time.  This situation is frustrating to the court, which fully realizes
28    how incredibly frustrating it is to the parties and their counsel.

                                                 1

1

**BACKGROUND**

2        This case concerns a soured business venture between two purported partners.  One

3  partner—plaintiff—allegedly devoted time, energy, and money to the venture and the other

4  partner—defendant—allegedly did not compensate plaintiff for his efforts.  Unfortunately for

5  plaintiff, this partnership was never formalized in a contract or in any other written form.

6        On February 28, 2020, the court granted defendant's motion to dismiss plaintiff's original

7  complaint and granted plaintiff leave to file an amended complaint to cure the deficiencies the

8  court had identified in that order.  (Doc. No. 25.)  Plaintiff filed his first amended complaint

9  ("FAC") in this action on March 27, 2020.  (Doc. No. 26.)  Therein, plaintiff alleges the

10  following.

11        Defendant Douglas W. Cook is a medical doctor and surgeon who invented a medical

12  device used in hernia repairs.  (*Id.* at ¶ 1.)  That medical device is called the "Dialfan."  (*Id.* at

13  ¶ 15.)  Defendant sought out plaintiff Michael Deutsch for help with commercializing the device,

14  knowing that plaintiff had achieved considerable success marketing and selling related medical

15  devices.  (*Id.* at ¶ 2.)  Plaintiff agreed to work with defendant.  (*Id.* at ¶ 3.)  However, the parties

16  never reached or entered into a formal agreement regarding their venture other than defendant

17  promising to reward plaintiff if they succeeded by sharing with plaintiff 49 percent of the profits

18  from any sales.  (*Id.* at ¶ 3.)  Trusting defendant, plaintiff invested significant amounts of his time,

19  energy, and money into marketing the Dialfan, including displaying the device at trade shows,

20  promoting the device to physicians and medical device companies that might license it, and

21  paying attorneys' fees for its patent.  (*Id.* at ¶ 4.)  After plaintiff devoted thousands of dollars and

22  hundreds of hours to the venture, defendant unilaterally decided to cut plaintiff out of any efforts

23  to market the device, allegedly preferring to proceed with commercialization on his own.  (*Id.* at

24  ¶ 6.)  Nevertheless, for several years—until September 2018—defendant continued to propose

25  and entertain plaintiff's proposals for arrangements under which plaintiff would be able to recoup

26  his investments upon defendant's commercialization of the device.  (*Id.* at ¶ 7.)  Both parties

27  remained in contact and defendant shared with plaintiff information relating to defendant's efforts

28  /////

1     to identify prospective licensors of the device.  (*Id.*)  Then, in September 2018, defendant cut off

2     all communication with plaintiff, which led plaintiff to file the instant action.  (*Id.* at ¶ 8.)

3            In his FAC, plaintiff asserts two causes of action:  (1) a claim for unjust enrichment and

4     (2) a claim for *quantum meruit*.  (*Id.* at 8–9.)  On May 8, 2020, defendant filed a motion to

5     dismiss plaintiff's FAC in its entirety.  (Doc. No. 29.)  On June 2, 2020, plaintiff filed an

6     opposition to the pending motion to dismiss and thereafter defendant filed his reply thereto.

7     (Doc. Nos. 32, 33.)

8                                          **LEGAL STANDARD**

9            The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

10    is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

11    2001).  A dismissal may be warranted where there is "the lack of a cognizable legal theory or the

12    absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*

13    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain

14    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

15    Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege

16    "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

17    550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual

18    content that allows the court to draw the reasonable inference that the defendant is liable for the

19    misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20           In determining whether a complaint states a claim on which relief may be granted, the

21    court accepts as true the allegations in the complaint and construes the allegations in the light

22    most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

23    *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth

24    of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788

25    F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations,

26    "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*,

27    556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a

28    formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also*

1    *Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by

2    mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the

3    plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws

4    in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

5    *Council of Carpenters*, 459 U.S. 519, 526 (1983).

6                                                    **ANALYSIS**

7           Defendant advances two primary arguments in moving to dismiss plaintiff's FAC.  First,

8    defendant contends that the statute of limitations applicable to unjust enrichment and *quantum*

9    *meruit* claims operates as a complete defense to this action.  (Doc. No. 29-1 at 12.)  Second,

10   defendant argues that plaintiff has not pled the essential elements of his unjust enrichment claim

11   or his *quantum meruit* claim.  (*Id.* at 15–17.)  For the reasons explained below, the court does not

12   find either argument to be persuasive.

13   **A.       Statute of Limitations**

14          A two-year statute of limitations applies to an unjust enrichment claim.  *Wu v. Sunrider*

15   *Corp.*, 793 Fed. App'x. 507, 510 (9th Cir. 2019)[2]; Cal. Civ. Proc. Code § 339(1).  A claim for

16   *quantum meruit* is likewise subject to a two-year limitations period.  *Gross Belsky Alonso LLP v.*

17   *Henry Edelson*, No. 4:08-cv-4666-SBA, 2009 WL 1505284, *7 (N.D. Cal. May 27, 2009).

18          Under California law, a statute of limitations "runs from the moment a claim accrues."

19   *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013).  The default accrual rule is the

20   "last element accrual rule," which provides that a claim accrues upon "occurrence of the last

21   element essential to the cause of action."  *Id.*  The elements for a claim of unjust enrichment are

22   (1) receipt of a benefit and (2) the unjust retention of the benefit at the expense of another.  *Lyles*

23   *v. Sangadeo-Patel*, 225 Cal. App. 4th 759, 769 (2014).  Plaintiff's unjust enrichment claim

24   therefore accrued when the last with respect to these elements occurred.  The parties do not

25   appear to dispute that defendant received a benefit in the form of plaintiff's time, labor, and

26   money spent advancing the venture.  "The question, then, is when did Defendant's retention of

27   _____

28   [2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

                                                        4

1    the benefit [] become unjust?"  *Sons v. McManis*, No. 08-cv-0840-AWI-TAG, 2010 WL

2    3491514, at *7 (E.D. Cal. Sept. 3, 2010).

3           Plaintiff argues that his unjust enrichment claim accrued in September 2018.  (Doc. No.

4    32 at 8.)  Based on the allegations of plaintiff's FAC, the court agrees that, as alleged, defendant's

5    retention of the benefit became unjust in September 2018, and that plaintiff thereafter timely filed

6    this action within the two-year limitations period.  In his FAC, plaintiff alleges that even after

7    defendant decided to end the venture on June 29, 2015, the parties "spent many months and

8    ultimately years negotiating terms under which Deutsch would be able to recoup his investment

9    on Cook's successful commercialization of the Dialfan."  (FAC at ¶ 40.)  Moreover, plaintiff

10   alleges that "[i]n the course of such negotiations, Cook continued to provide Deutsch information

11   regarding Cook's independent efforts in furtherance of the Venture, and propose and entertain

12   proposals for sharing profits on sales of the Dialfan."  (*Id.* at ¶ 41.)  Plaintiff's FAC continues,

13   alleging that defendant Cook "acknowledg[ed] his agreement to provide Deutsch some

14   compensation and opportunity to recoup the investment of time and money in the Venture" and

15   that "[i]n March 2017, Cook proposed retaining a third party to continue the Venture, with Cook

16   and Deutsch sharing in the profits resulting therefrom."  (*Id.* at ¶¶ 42, 44.)  Lastly, plaintiff's FAC

17   concludes that "[i]n or about September 2018, . . .Cook cut off all communications with Deutsch,

18   leaving Deutsch no other option than to file this complaint seeking restitution."  (*Id.* at ¶ 47.)

19   Taking these allegations as true and viewing them in the light most favorable to plaintiff—as it

20   must at this stage of the litigation—the court finds that plaintiff has adequately alleged that his

21   unjust enrichment claim did not accrue until September 2018, "when it became clear that Cook

22   would not compensate Deutsch and his services would be unpaid." (Doc. No. 32 at 8.)  At that

23   point, plaintiff knew he would not be compensated, and defendant's retention of the benefits

24   became unjust.  In determining when a benefit becomes unjust, the court looks first to policy

25   considerations.  *Sons*, 2010 WL 3491514, at * 7.  From a policy standpoint, it would hardly make

26   sense to permit a defendant to evade liability based on continuing false promises of repayment.

27   In such a world, a defendant would be able to continuously promise repayment until the day the

28   statute of limitations expired, at which time he could pull the figurative rug out from under

1    plaintiff's feet and escape any liability on the grounds of untimeliness.  The court sees no policy

2    benefit in encouraging such practices.  Thus, defendant's motion to dismiss on statute of

3    limitations grounds will be denied.

4            For similar reasons, the court concludes that plaintiff's claim for *quantum meruit* also

5    survives the pending motion to dismiss.  The elements of plaintiff's claim for *quantum meruit* are:

6    (1) that the plaintiff performed certain services for the defendant; (2) that plaintiff alleged the

7    services' reasonable value; (3) that the services were rendered at defendant's request; and (4) that

8    the services are unpaid.  *Sharp Mem'l Hosp. v. Regence BlueCross BlueShield of Utah*, No. 3:16-

9    cv-2493-JM-RNB, 2018 WL 3993359, *9 (S.D. Cal. Aug. 21, 2018).  Plaintiff's *quantum meruit*

10   claim, as alleged in the operative complaint, therefore also did not accrue until defendant's refusal

11   to pay plaintiff became final and unequivocal such that the services were to be deemed unpaid.

12   *See Vishva Dev, M.D., Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*, 2 Cal. App. 5th 1218,

13   1223–24 (2016) (finding that the statute of limitations for a physician's claims in *quantum meruit*

14   against health insurers began to run only when physician received notice that claims for payments

15   were unequivocally being denied).  As discussed above, plaintiff alleges that he did not receive

16   final notice that he would be unpaid for his services until September 2018.  Accepting that

17   allegation as true, that is also when plaintiff's *quantum meruit* claim accrued because it was at

18   that time the last act with respect to an essential element of the claim occurred.

19           Thus, plaintiff's claims, as alleged, both accrued in September 2018 and he filed his initial

20   complaint on February 25, 2020—less than two years after accrual of the claims.  (*See* Doc. No.

21   1.)  Accordingly, plaintiff's FAC is not barred by the applicable statutes of limitations.

22   **B.      Whether Plaintiff States a Cognizable Claim**

23           Defendant next argues that plaintiff's FAC fails to sufficiently plead the elements of either

24   an unjust enrichment or a *quantum meruit* claim.  (Doc. No. 33 at 8.)  The court will address both

25   claims in turn.

26           1.       Unjust Enrichment

27           "To allege unjust enrichment as an independent cause of action, a plaintiff must show that

28   the defendant received and unjustly retained a benefit at the plaintiff's expense."  *ESG Capital*

6

1    *Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citing *Lectrodryer v. SeoulBank*, 77

2    Cal. App. 4th 723, 726 (2000)).  Here, the parties only dispute the allegations with respect to the

3    second element of plaintiff's unjust enrichment claim:  unjust retention at plaintiff's expense.  In

4    its previous order dismissing plaintiff's initial complaint, the court relied on the decision in *ESG*

5    *Capital* and concluded that in his original complaint "plaintiff [did] not allege how plaintiff

6    expected to be reimbursed should the Venture not proceed or in what way funds loaned were

7    unjustly retained by defendant Cook." (Doc. No. 25 at 10.)  The court deemed such factual

8    allegations necessary to allege unjust retention in the context of this action.  The court explained

9    that "[a]ny amended complaint plaintiff elects to file must allege facts clarifying plaintiff's

10   expectations regarding reimbursement for costs and defendant's assurances, if any, regarding

11   defendant's willingness to proceed with licensing the Dialfan and plaintiff having the opportunity

12   to recoup his costs." (*Id.* at 11.)

13        In his pending motion to dismiss, defendant argues that plaintiff's FAC plainly alleges

14   that plaintiff's expectations for compensation "hinged on the commercialization of the Dialfan."

15   (Doc. No. 29-1 at 15.)  Thus, defendant concludes, plaintiff's allegations show that plaintiff

16   "expected payment *only if* the Dialfan proved a commercial success." (*Id.* at 16.)  Given that the

17   Dialfan did not prove a commercial success, defendant contends that plaintiff had no reasonable

18   expectation of being compensated. (*Id.*)  In contrast, plaintiff argues that his FAC has cured the

19   pleading deficiencies the court identified in its previous order. (Doc. No. 32 at 10.)  Specifically,

20   plaintiff points out that his FAC alleges that although plaintiff did expect to recoup his expenses

21   via the commercialization of the Dialfan, that compensation could have occurred even after the

22   partnership ended. (*Id.*)  For example, plaintiff contends that, were the venture to dissolve, he

23   expected to be compensated via defendant using a third-party to sell the Dialfan under a licensing

24   agreement or via plaintiff himself selling the Dialfan under a royalty-free license. (*Id.* at 10.)

25   Plaintiff clarifies that "the FAC acknowledges that these are not the only two contingencies the

26   parties contemplated" but that nevertheless "Deutsch expected that Cook would compensate him

27   in some form or manner." (*Id.* at 11) (quoting FAC at ¶ 23.)  In his reply, defendant argues that

28   "the fact that the parties allegedly negotiated a way for Plaintiff to recoup his investment after the

7

1    'venture' ceased demonstrates that the parties did not [initially] agree that Plaintiff would recoup

2    his investment if the venture failed." (Doc. No. 33 at 9.)

3          The court concludes that plaintiff has adequately alleged his unjust enrichment claim.  In

4    response to the court's previous order directing plaintiff to allege facts explaining the basis for his

5    expectations regarding reimbursement for costs (Doc. No. 25 at 11), plaintiff has now alleged

6    facts demonstrating that he expected defendant would compensate him in some form or manner.

7    Plaintiff has provided specific examples as to how he expected that compensation to occur.  One

8    such example plaintiff has alleged is that he expected defendant would grant him a royalty-free

9    license to sell the Dialfan.  (*Id.* at ¶ 23.)  Plaintiff further alleges that he "relied on Cook's

10   representation that the parties were 'partners' in the sense that they would work together to offset

11   any losses" should the venture prove less profitable than both parties hoped.  (*Id.* at ¶ 23.)

12   Although plaintiff alleges that he expected his profits to come from commercializing the Dialfan,

13   the court notes he does not allege that such commercialization had to occur prior to the

14   conclusion of the partnership.  Indeed, plaintiff specifically alleges that he expected to make

15   profits "even if that meant [plaintiff] himself would have to sell the Dialfan to realize such

16   profits."  (*Id.* at ¶ 24.)[3]  While plaintiff alleges that he expected profits solely from

17   commercialization, those expectations inherently included some expectation that defendant would

18   actively pursue such commercialization or allow plaintiff himself to do so.  The factual

19   allegations presented in the FAC therefore sufficiently clarify the alleged basis for plaintiff's

20   expectations with respect to reimbursement.

21          Furthermore, in response to the court's instruction that plaintiff allege facts clarifying the

22   basis for his expectations regarding "defendant's assurances, if any, regarding defendant's

23   willingness to proceed with licensing the Dialfan and plaintiff having the opportunity to recoup

24   his costs" (Doc. No. 25 at 11), plaintiff has alleged in his FAC that "[b]ased on the

25

26   [3] To the extent plaintiff's FAC alleges that he both expected compensation through the venture
     or, in the alternative, through other means if the venture ceased, those apparent inconsistencies
27   are not fatal to plaintiff's FAC.  It appears understandable to the court that plaintiff both expected
     compensation for the venture and *also* expected compensation should the venture dissolve due to
28   defendant's unilateral actions.

1   representations" from defendant, "Deutsch continued to believe that Cook would cooperate in

2   Deutsch's further efforts to recoup his investments, including by pursuing deals of the sort Cook

3   has since refused to consider or pursue, and in the worst-case scenario, by letting Deutsch make

4   some sales to offset his losses." (*Id.* at ¶ 45.) Moreover, in his FAC, plaintiff alleges that at all

5   times "Cook represented and agreed that the Venture would continue at least until Deutsch had

6   recouped the value of the time and money" he had invested. (FAC at ¶ 21.) Although these

7   factual allegations are somewhat vague, the court concludes that they satisfy the requirements

8   outlined in the court's previous order, namely that plaintiff allege facts clarifying what assurances

9   he claims defendant made with respect to his willingness to proceed with licensing the Dialfan in

10  an effort to recoup losses for plaintiff. The court laid out which factual allegations the original

11  complaint lacked, and—in response—plaintiff has cured these deficiencies through the factual

12  allegations set forth in his now operative FAC. Defendant asks the court to disregard the well-

13  established principle that courts should accept non-conclusory factual allegations in the light most

14  favorable to plaintiff. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017). The court

15  will not do so.

16        Accordingly, defendant's motion to dismiss with respect to plaintiff's unjust enrichment

17  claim will be denied.

18        2.     *Quantum Meruit*

19        As with plaintiff's unjust enrichment claim, in its previous order the court concluded that

20  plaintiff did not adequately allege a *quantum meruit* claim because his original complaint lacked

21  "allegations that plaintiff reasonably expected reimbursement for his expenditures and efforts

22  should the project cease to proceed." (Doc. No. 25 at 13.)

23        In his pending motion to dismiss, defendant argues that plaintiff's "failure here largely

24  mirrors his failure with regard to the unjust enrichment claim." (Doc. No. 29-1 at 17.) The court

25  agrees that the two claims originally suffered from identical deficiencies. However, for the same

26  reasons stated above with respect to plaintiff's unjust enrichment claim, plaintiff's FAC has now

27  adequately alleged facts in support of his *quantum meruit* claim. To the extent the court directed

28  plaintiff to provide factual allegations regarding the basis for his expectation of reimbursement,

9

1    plaintiff's FAC has wholly cured that deficiency as explained above.  Taking that resolution into

2    consideration, the remaining elements of a *quantum meruit* claim are:   (1) that the plaintiff

3    performed certain services for the defendant; (2) that plaintiff alleged the services' reasonable

4    value; (3) that the services were rendered at defendant's request; and (4) that the services are unpaid.

5    *Sharp Mem'l Hosp.*, 2018 WL 3993359, *9.  In his FAC, plaintiff has sufficiently alleged facts in

6    support of each of these elements.  The services plaintiff performed are alleged throughout the FAC

7    (*see, e.g.*, FAC at ¶ 32); plaintiff has alleged the value of those services (*see id.* at ¶ 35); those

8    services were allegedly performed at defendant's request (*see id.* at ¶ 32); and those services

9    allegedly went unpaid (*see id.* at ¶ 47).  Accordingly, defendant's motion to dismiss with respect to

10   plaintiff's *quantum meruit* claim will also be denied.

**CONCLUSION**

12       For the reasons set forth above, defendant's motion to dismiss (Doc. No. 29) is denied.

13   IT IS SO ORDERED.

14       Dated:    **December 4, 2021**                    _____

15                                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28